UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANICE CLAIRE VIRTUE,

                Plaintiff,

    -against-

CITIBANK, N.A.; WELLS FARGO; HB1
ALTERNATIVE HOLDINGS; CHAMPION
MORTGAGE; PHH MORTGAGE; THE FEDERAL
RESERVE BANK OF NEW YORK; and THE
FEDERAL RESERVE BOARD OF GOVERNORS,

                Defendants.

25-CV-1215 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Pending before the Court is Plaintiff's motion for a temporary restraining order. ECF No. 29. Although somewhat unclear based on the papers submitted to date, Plaintiff appears to be asking this Court through this action and through her requested temporary restraining order to stop a state court eviction action. See ECF No. 29 at 1. However, the Court lacks subject matter jurisdiction to do so. *See, e.g.*, *Manning v. City of New York*, No. 24 CIV. 4747 (LGS), 2024 WL 3377997, at *2 (S.D.N.Y. July 11, 2024); *Ajaero v. Obama*, No. 23-CV-8096 (LTS), 2023 WL 7386583, at *5–6 (S.D.N.Y. Nov. 7, 2023), *appeal dismissed* (Mar. 12, 2024); *Matava v. CTPPS, LLC*, No. 3:22-CV-242 (CSH), 2022 WL 462396, at *6 (D. Conn. Feb. 15, 2022).

Plaintiff's request is barred by the Anti-Injunction Act. This Act generally prevents federal courts from stopping state court proceedings, including evictions. *See Matava*, 2022 WL 462396, at *5 ("[U]nder the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court is barred from enjoining ongoing state court proceedings, including those involving real property, such as eviction or foreclosure.").

Plaintiff's requested relief is also barred by a doctrine called *Younger* abstention. Under that doctrine, a court must refrain from hearing the case when: "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id.* at *3 (quoting *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003)). It appears here that each element is met. First, Plaintiff appears to be seeking to stop an eviction action pending in state court. Second, "an important state interest, the disposition of real property, is implicated." *Id.* at *4. And third, the constitutional claims Plaintiff raises in this case can be raised in state court. *See id.*; *Ajaero*, 2023 WL 7386583, at *5.

To the extent Plaintiff seeks relief other than to stop the eviction action, she should respond to the Court's Order to Show Cause on or before **April 25, 2025**. ECF No. 28. Otherwise, the Court will dismiss this action in its entirety.

The Clerk of Court is respectfully directed to terminate ECF No. 29.

Dated: April 11, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge